IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TYNETTA D. JOHNSON, *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. PX-17-3647 |
| NEW YORK COMMUNITY BANK, *et al.*, | * | |
| Defendants. | * | |

******

**MEMORANDUM OPINION AND ORDER**

Pending before the Court in this consumer protection action are two motions to dismiss pro se Plaintiffs Tynetta D. Johnson and Malik Bey's Amended Complaint filed by Defendant New York Community Bank ("NYCB") (ECF No. 11) and Defendants Kristine Brown and Shapiro Brown & Alt, LLP ("S&B") (ECF No. 16). The motions are fully briefed and no hearing is necessary. *See* D. Md. Loc. R. 105.6. For the reasons below, the Court GRANTS Defendants' motions and dismisses Plaintiffs' Amended Complaint.[1]

I.  **Background**

Johnson and Bey initiated this case against Defendants on the basis of certain actions taken during the course of, or shortly after, the renegotiation of Bey's mortgage with NYCB. This very mortgage has been challenged before. In 2014, the Honorable Paul W. Grimm dismissed Bey's claims for violations of the Fair Debt Collection Practices Act ("FDCPA"), the Maryland Consumer Debt Collection Act ("MCDCA"), and the Maryland Consumer Protection Act ("MCPA"). *See Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310 (D. Md. 2014)

---
[1] Also pending are Defendants' motions to dismiss the initial Complaint, which are denied as moot in light of Plaintiffs' Amended Complaint and the subsequent briefing in this case. (ECF Nos. 5 & 7.)

1

(Civil Case No. PWG-13-1562). That dismissal was upheld by the United States Court of Appeals for the Fourth Circuit. *Bey v. Shapiro Brown & Alt, LLP*, 584 F. App'x 135 (4th Cir. 2014).

The facts as detailed in Judge Grimm's opinion need not be repeated here. Relevant to this case, Plaintiffs now claim that after the previous case was decided in 2014, NYCB and Bey agreed to a Loan Modification Agreement ("LMA"), and that S&B then sent notices of a foreclosure sale with knowledge of the LMA, misrepresenting that Bey's mortgage was in default, in violation of the MCDCA (Count I) and the MCPA (Count II). *See* ECF No. 8 at ¶¶ 26–28. Plaintiffs allege violations of the Maryland Mortgage Fraud Protection Act ("MMFPA") premised on the same misstatement (Count III). *See* ECF No. 8 at ¶¶ 44–49. Plaintiffs also allege that NYCB violated the Real Estate Settlement Procedures Act ("RESPA") in failing to respond adequately to Bey's written inquiry, and in continuing to report erroneous information to credit agencies after that inquiry (Count IV). Finally, Plaintiffs allege that NYCB violated the Fair Credit Reporting Act ("FCRA") by continuing to report Bey's mortgage as in default after he disputed the same to Experian (Count V). *See* ECF No. 8 ¶¶ 58, 64, 67, 77. Defendants moved to dismiss all counts under Federal Rule of Civil Procedure 12(b)(6).

**II.     Standard of Review**

Because Plaintiffs are self-represented,[2] the Court construes the Amended Complaint liberally to ensure that potentially meritorious claims proceed. *See Hughes v. Rowe*, 449 U.S. 5,

---

[2] Although Plaintiffs claim they are pro se, the Court finds reason to believe that non-attorney Thomas Alston may be assisting Plaintiffs in ghostwriting their pleadings. Alston has a history of filing ghostwritten pleadings in this Court, including in other actions alleging similar claims to this one. *See Bullock v. Ocwen Loan Servicing, LLC*, Civil No. PJM 14-3836, 2015 WL 5008773, at *1 n.1 (D. Md. Aug. 20, 2015); *Alston v. Experian Info. Sols., Inc.*, Civil No. PJM-15-3558, 2016 WL 4555056, at *8 (D. Md. Aug. 31, 2016) ("Thomas Alston, a non-attorney, has not only been among the named *pro se* plaintiffs but appears as well to have been the author-in-fact of several of these *pro se* Alston-Plaintiff suits, as well as other suits, ostensibly filed by pro se plaintiffs seeking

9 (1980). That said, the Court cannot ignore a pro se plaintiff's clear failure to allege facts setting forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed."). When reviewing pro se complaints, a court must not abdicate its "legitimate advisory role" to become an "advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is properly granted when the complaint does not include sufficient factual allegations to render the plaintiff's claims facially plausible or permit reasonable inference that the defendant is liable for the alleged misconduct. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). In assessing the motion, the Court takes as true all well-pleaded factual allegations and makes all reasonable inferences in the favor of the plaintiff. *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). The Court does not credit conclusory statements or legal conclusions, even when the plaintiff purports them to be allegations of fact. *See Iqbal*, 556 U.S. at 678–79; *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). From the facts averred, the Court must be able to infer "more than the mere possibility of misconduct"; the complaint must include factual allegations that show the plaintiff is entitled to relief. *See Ruffin v. Lockheed Martin Corp.*, 126 F. Supp. 3d 521, 526 (D. Md. 2015) (quoting *Iqbal*, 556 U.S. at 678). The Court may

---

monetary compensation for trivial harms, such as the alleged failure to promptly receive a mortgage note marked 'paid' when it has been paid in full."); *Alston v. Creditors Interchange Receivable Mgmt., LLC*, 2012 WL 4370124, at *1 (D. Md. Sept. 21, 2012). The Court has reviewed the pleadings in other cases involving Alston, and finds that the style and subject matter of this suit strongly suggest Alston's involvement here. The Court further notes Bey's presence as a pro se plaintiff in *Bey v. Midland Credit Management, Inc.*, Civil No. 15-1329-GJH, along with Kimberly Alston, Thomas Alston's sister. *See Alston v. Experian Info. Sols.*, 2016 WL 4555056 at *7 n. 5 (discussing Kimberly Alston and her shared address with Thomas Alston).

consider materials attached to the complaint without transforming the motion to dismiss into one for summary judgment. *See* Fed. R. Civ. P. 10(c). The Court may also consider materials attached to a motion to dismiss, so long as such materials are integral to the complaint and authentic. *Philips*, 572 F.3d at 180.

Whether a claim should be dismissed with or without prejudice is in the discretion of the Court. *Weigel v. Maryland*, 950 F. Supp. 2d 811, 826 (D. Md. 2013). "While a potentially meritorious claim . . . should not be unqualifiedly dismissed for failure to state a claim unless its deficiencies are truly incurable, such an unqualified dismissal is entirely proper when the court has reviewed the claim and found it to be substantively meritless." *McLean v. United States*, 566 F.3d 391, 400–01 (4th Cir. 2009) (internal citations omitted). Therefore, the Court must evaluate the facts pleaded in the complaint, the contents of any attachments that are integral to the complaint and authentic, and the elements of the claims a plaintiff puts forward to determine whether any given claim should be dismissed with or without prejudice.

### III. Discussion

#### a. Counts I, II, and III: MCDCA, MCPA, and MMFPA

Counts I, II, and III of Plaintiffs' Amended Complaint all rely upon the same purported misstatement, *i.e.*, that S&B sent notices of foreclosure to Plaintiffs with the knowledge that S&B lacked authority to foreclose because the loan had been modified. *See* ECF No. 8 at ¶¶ 27–28, 31, 40, 44–46. Because the claims sound in fraud, each is subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). *See Lewis v. Maryland*, Civil No. PWG-17-1636, 2018 WL 1425977, at \*3 (D. Md. March 22, 2018); *Currie v. Wells Fargo Bank, N.A.*, 950 F. Supp. 2d 788, 799, 800 (D. Md. 2013).

To state a claim under the MCDCA, Plaintiffs must plausibly aver facts that show that S&B sent the foreclosure notice with actual knowledge that it could not foreclose on the property because the debt was *invalid*. *See Meaney v. Nationstar Mortg.*, No. CV TDC-16-2959, 2018 WL 1014927, at *12–13 (D. Md. Feb. 21, 2018); *Barr v. Flagstar Bank, FSB*, __ F. Supp. 3d __, Civil Action No. GLR-16-3556, 2018 WL 1521870, at *13 (D. Md. Mar. 27, 2018). Plaintiffs' MCPA claim is premised on the alleged MCDCA violation. *See* ECF No. 8 at ¶ 40. In relevant part, the MMFPA claim requires Plaintiffs to aver facts which show Defendants made a knowing and deliberate misstatement, misrepresentation, or omission during the mortgage lending process with the intent that the Plaintiffs rely on the statement. *See Currie*, 950 F. Supp. 2d at 799.

Fatal to Plaintiffs' claims, however, is the failure to aver factual content to support an inference that S&B knew that the LMA had taken effect prior to issuing the foreclosure notices. Although Defendants and Plaintiffs dispute when the LMA became legally operative, the answer is immaterial. This is because the pertinent question is whether the Plaintiffs marshalled sufficient facts in the Complaint to demonstrate that S&B sent the foreclosure notices *with knowledge* that it lacked the authority to foreclose on Bey's property. Given the exceedingly brief window between Bey's execution and mailing of the LMA to NYCB for countersignature, and S&B's issuing the foreclosure notices, no reasonable inference can be drawn that S&B *knew* of the LMA in advance of sending the notices.³ Indeed, S&B's prompt voluntary dismissal of the foreclosure action on October 6, 2014, ECF No. 16-4 at 3, further supports the inference that

---

³ In their response, Plaintiffs assert that NYCB communicated the existence of the LMA to S&B prior to September 12, 2014, and that "it should be inferred that [S&B] . . . was aware of the foreclosure status of the loan." ECF No. 22 at 2. There are only four days between Bey executing the LMA and S&B issuing the foreclosure notices. It is not plausible that NYCB communicated to S&B that the LMA had gone into effect in that timeframe, especially when considering that NYCB signed the LMA in Cuyahoga County, Ohio, on September 16, 2014. *See* ECF No. 11-2 at 5.

S&B and NYCB acted reasonably, and did not intend for Plaintiffs to rely on a *knowingly* false misstatement with respect to the foreclosure notice.

At base, the Amended Complaint and the loan documents which are integral to the claims in the Amended Complaint, *see Barr*, 2018 WL 1521870, at *4–5, leave no room for Plaintiffs to allege additional facts to rehabilitate these claims. Counts I through III are thus dismissed with prejudice.

### b. Count IV, RESPA

RESPA imposes a duty on loan servicers to respond to certain consumer inquiries. *See Barr*, 2018 WL 1521870, at *11. Plaintiffs' RESPA claim is based on a letter that Bey sent to NYCB on January 20, 2017 to inform NYCB of "an error" on his account. Bey claimed this error existed because NYCB's records reflected that Bey was delinquent on his loan prior to the LMA. Bey claimed in his letter that "had no obligation to pay NYCB" prior to the LMA because NYCB either "was not the holder or . . . failed to prove" that it was the holder of his mortgage note. Bey requested that NYCB provide to him "(i) the dates of the endorsements on the Note, (ii) documentation verifying that endorsements were executed by persons with authority to endorse the Note, (iii) the dates that NYCB provided him with a copy of the Note including the endorsements, (iv) and (v) explanation of why NYCB *initially* provided him with copies of the Note that did not include the endorsements." ECF No. 8 at ¶ 59 (emphasis in original; internal alterations omitted); *see* ECF No. 11-4.

NYCB responded to Bey's letter on February 9, 2017, detailing the history and transfers of Bey's mortgage note and including a copy of Bey's payment history, the LMA, and his Note; the response did not include all information that Bey had requested. *See* ECF No. 8 at ¶¶ 60–63; *see* ECF No. 11-5. Bey therefore claims that NYCB violated RESPA, causing him to be

6

"frustrated in his attempt to correct his account." ECF No. 8 at ¶¶ 64–65. Plaintiffs further claim that NYCB violated RESPA when it continued to provide information to consumer reporting agencies despite Bey's letter, causing his credit score to suffer. ECF No. 8 at ¶¶ 68–69.

More particularly, Plaintiffs allege that Bey's letter was a Qualified Written Request ("QWR") under RESPA. ECF No. 8 at ¶ 57. The letter, however, concerns only the validity of his debt in that Bey expressed his belief that NYCB was not the mortgage holder or servicer. "[C]orrespondence regarding the validity of a loan does not relate to servicing." *Barr*, 2018 WL 1521870, at \*11; *see Martins v. Wells Fargo Bank, N.A.*, Civil No. CCB-16-1070, 2016 WL 7104813, at \*4 (D. Md. Dec. 6, 2016) ("In general, a communication aimed primarily at disputing the validity of a mortgage loan rather than obtaining loan servicing information does not qualify as a QWR. . . . [C]orrespondences requesting only information relating to the validity of a borrowers' loan, such as a copy of the Deed of Trust and the Note, and devoid of requests relevant to the servicing of the loan, are not QWR's under RESPA."). "For example, requests for copies of loan documents, assignments of the deed of trust and promissory note and copies of property inspection reports and appraisals and a loan transactional history do not relate to servicing, and, therefore, do not constitute a valid QWR." *Barr*, 2018 WL 1521870, at \*11 (internal marks and citation omitted). Under this definition, Bey's letter is not a QWR. *Cf. Martins*, 2016 WL 7104813, at \*4–5 (plaintiff's letter constituted QWR where it both raised issues with the validity and ownership of plaintiff's debt *and* requested a general ledger statement detailing the receipt and application of mortgage payments, an explanation of account delinquency, and mortgage statements, and referred specifically to the application of payments to principal and interest, escrow deposits, and escrow balance); *Barr*, 2018 WL 1521870, at \*12 ("the substance of the letter requests an extensive amount of documents, including the Initial

7

Loan Application and Final Loan Application, a copy of the original promissory note, a copy of the complete loan payment history, all escrow analyses conducted on the account, Truth in Lending Statements and Disclosures, all loan servicing agreements, and appraisals. . . . Such information falls outside the scope of information related to the servicing of the Barrs' loan.").[4] Accordingly, NYCB was not required to provide a particular response or refrain from providing information to credit reporting agencies. *See* 12 U.S.C. § 2605(e)(3) (60-day period is triggered by the receipt of a qualified written request).

Even if Bey's letter were a QWR, the Court is hard-pressed to find that NYCB failed to respond adequately to the letter. Although NYCB did not respond to every one of Bey's requests, NYCB did explain how it came to possess Bey's mortgage. NYCB also provided Bey with a link to the FDIC website where Bey could confirm this information; an accounting of Bey's delinquent payments; and copies of his payment history, the loan modification agreement, and the original note. NYCB further explained why it had marked Bey's July 1, 2014, payment as delinquent, and provided contact information. The information not provided does not related to servicing. NYCB's response, even if Bey's letter is construed as a QWR, was adequate under

---

[4] In their opposition to the motions to dismiss, Plaintiffs argue alternatively that Bey's letter was a Request for Information ("RFI"). Even if the Court were to construe the Complaint as alleging a violation based on a failure to respond adequately to an RFI, Plaintiffs' claim nonetheless fails. Although 12 C.F.R. § 1024.36 "expanded the definition of the type of Information Requests requiring a response, . . . [it] explicitly exempts servicers from responding to overbroad or unduly burdensome information requests." *Bullock v. Ocwen Loan Servicing, LLC*, No. PJM 14-3836, 2016 WL 1588494, at *2 n.6 (D. Md. Apr. 18, 2016) (internal marks omitted); *see also Martins*, 2016 WL 7104813, at *7 ("Servicers are not obligated to comply with the investigation or response requirements of Section 1024.36 if the information requested is duplicative of information already provided to the borrower, confidential, proprietary, or privileged, or irrelevant to the borrower's mortgage loan account."). Such overbroad requests "include the use of Information Requests as a forum for pre-litigation discovery." *Bullock*, 2016 WL 1588494, at *2 n.6 (internal marks omitted). The Court notes that the theory of lack of proper endorsement of Bey's Note was at issue in Bey's previous case, Civil No. PWG-13-1562. Here, like in *Bullock*, "[a]lthough [Plaintiff] alleged that [Defendant's] response did not sufficiently answer his request, the clear purpose of [Plaintiff's] Information Request" is to gather information for use in litigation. *See id.* That is, Bey's attempt to gather additional information regarding endorsements to his mortgage note and the reasons why NYCB did not "initially" provide him with endorsed copies appears to be an attempt to gather information for litigation. Even if it were not, however, Bey's request is overbroad and irrelevant to the servicing of his mortgage, and therefore required no response from NYCB.

RESPA. *Cf. Barr*, 2018 WL 1521870, at *12–13 (discussing the adequacy of the defendant's response to inquiry by the plaintiff). Plaintiffs' RESPA claim fails as a matter of law, and will be dismissed with prejudice.

### c. Count V, FCRA

Finally, Plaintiffs assert that NYCB violated the FCRA by continuing to report disputed information related to Bey's allegedly delinquent mortgage payments, and not conducting a reasonable investigation of Bey's dispute. ECF No. 8 at ¶¶ 73–77. Bey alleges that he therefore suffered a "lower credit score, harm to his financial reputation, and emotional distress." ECF No. 8 at ¶ 78.

An FCRA claim against a furnisher of financial information such as NYCB requires the plaintiff to aver plausibly that a credit reporting agency ("CRA"), upon learning of disputed credit information, notified the furnisher of the information of the dispute and that the furnisher then failed to conduct a reasonable investigation or modify the credit report to correct the inaccuracy. *See Wilson v. Shapiro Brown & Alt, LLP*, No. RWT 16-CV-3303, 2017 WL 3608182, at *3 (D. Md. Aug. 21, 2017); *Flax v. Navient Sols, Inc.*, No. CV MGJ 16-1209, 2017 WL 1153889, at *4 (D. Md. Mar. 28, 2017). Plaintiffs' FCRA claim is simply too bare-bones to survive dismissal. Plaintiffs do not aver what particular information Bey had disputed with Experian, the CRA, sufficient to infer that NYCB first supplied Experian with inaccurate information. Nor do Plaintiffs allege any facts about the dispute process to permit an inference that NYCB was required to undertake further remedial action. *See Perkins v. S.C. Cmty. Bank*, No. 3:14-3245-TLW, 2017 WL 121851, at *3 (D.S.C. Jan. 12, 2017) (collecting cases discussing the process required in order for a plaintiff to pursue an FCRA claim); 15 U.S.C. § 1681i(3) (investigation may be terminated by CRA if it determines the dispute is "frivolous or

9

irrelevant"); *see also Wang v. Asset Acceptance LLC*, No. C 09-04797 SI, 2010 WL 2985503, at *3 (N.D. Cal. July 27, 2010) ("where the CRA determines a dispute is not frivolous, § 1681i(a)(2) requires a CRA . . . to notify a furnisher" of the dispute). Indeed, Plaintiffs do not even allege how or when Bey communicated the dispute to Experian, or allege any facts regarding NYCB's response. *Cf. Harden v. Residential Credit Sols., Inc.*, No. 3:16CV668 (MHL), 2017 WL 2888763, at *4 (E.D. Va. June 12, 2017), *report and recommendation adopted*, No. 3:16CV668, 2017 WL 2888721 (E.D. Va. July 6, 2017) (discussing particular factual allegations made by a plaintiff regarding the content of the dispute and the lack of reasonable investigation by the defendant).

Importantly, mere disagreement with an investigation's outcome does not render the investigation unreasonable or illegally deficient.[5] The Amended Complaint simply fails to allege any factual material to make an FCRA violation plausible. As such, Count V shall be dismissed. However, because dismissal is warranted because Plaintiffs' factual insufficiencies, rather than a fundamental legal deficiency, Plaintiffs shall be given until May 21, 2018, to amend this count *only*, if possible. Plaintiffs' failure to amend within the deadline will result in the dismissal of the FCRA count with prejudice. Defendants shall have 14 days from the filing of any amended complaint to answer or otherwise respond.

---

[5] Plaintiffs' mere assertion that an investigation would have "revealed that . . . Mr. Bey was justified in withholding his mortgage payments" cannot support that NYCB failed to conduct a reasonable investigation. This is because "the FCRA is designed to prevent the compilation and dissemination of *inaccurate* credit information, so a plaintiff cannot prevail on a claim against a credit furnisher . . . without a showing of actual inaccuracy." *See Alston v. Wells Fargo Home Mortg.*, No. CV TDC-13-3147, 2016 WL 816733, at *10 (D. Md. Feb. 26, 2016), *appeal dismissed*, No. 16-2124, 2017 WL 4574468 (4th Cir. Mar. 14, 2017) (internal quotation marks omitted; emphasis in original).

## IV. Conclusion

For the reasons stated above, it is this 2nd day of May, 2018, by the United States District Court for the District of Maryland, ORDERED that:

1. The Motions to Dismiss Plaintiffs' Complaint filed by Defendants SHAPIRO BROWN & ALT, LLP and KRISTINE D. BROWN (ECF No. 5) and by Defendant NEW YORK COMMUNITY BANK (ECF No. 7) BE, and the same hereby ARE, DENIED AS MOOT;

2. The Motions to Dismiss Plaintiffs' Amended Complaint filed by Defendant NEW YORK COMMUNITY BANK (ECF No. 11) and by Defendants SHAPIRO BROWN & ALT, LLP and KRISTINE D. BROWN (ECF No. 16), BE, and the same hereby ARE, GRANTED;

3. Counts I–IV of Plaintiffs' Amended Complaint hereby ARE DISMISSED WITH PREJUDICE;

4. Count V of Plaintiffs' Amended Complaint hereby IS DISMISSED WITHOUT PREJUDICE. Plaintiffs are allowed until May 21, 2018, to amend this Count. Failure so to amend will result in the dismissal of the Amended Complaint, with prejudice, in its entirety. Defendants shall have 14 days from the filing of any further amended complaint to file a renewed motion to dismiss or to answer the amended complaint.

| | |
|---|---|
| 5/2/2018 | /S/ |
| Date | Paula Xinis |
| | United States District Judge |